Charles Johnson
**JOHNSON OLSON CHARTERED**
419 West Benton
P.O. Box 1725
Pocatello, Idaho 83204-1725
Telephone: (208) 232-7926
Facsimile: (208) 232-9161
ISB No. 2464
E-Mail: cjlaw@cableone.net
Attorney for Plaintiff

DISTRICT COURT
TWIN FALLS CO., IDAHO
FILED

2014 FEB 14 PM 4: 51

BY_____
                    CLERK
_____
                    DEPUTY

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS
MAGISTRATE DIVISION

| | |
|---|---|
| KEN D. KUNTZ, individually, | Case No. CV-2014-722 |
| Plaintiff, | Filing Fee Category A1 $96.00 |
| vs. | **VERIFIED COMPLAINT FOR:** |
| | **VIOLATION OF THE FAIR** |
| FMS, INC., individually and as | **CREDIT REPORTING ACT, AND** |
| an agent of ST. LUKE'S MAGIC | **VIOLATION OF THE FAIR DEBT** |
| VALLEY REGIONAL MEDICAL CENTER | **COLLECTION PRACTICES ACT,** |
| LTD., EQUIFAX INC. and EXPERIAN | **STATE STATUTORY AND COMMON LAW** |
| INFORMATION SOLUTIONS, INC., | **AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

The plaintiff, Ken D. Kuntz, individually and through his undersigned counsel of record, hereby files this Verified Complaint for violation of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, state statutory and common law, with Demand for Jury Trial against defendants FMS, Inc, St. Luke's Magic Valley Regional Medical Center, Ltd., Equifax, Inc. and Experian Information Solutions, Inc. The plaintiff has been seriously damaged by totally erroneous credit report, and hence the plaintiff complains, pleads, and alleges as follows.

VERIFIED COMPLAINT                                                    1

## A.  PARTIES

1.    The plaintiff Ken D. Kuntz is a citizen and resident of Hazelton, Jerome County, State of Idaho.

2.    The defendant FMS, Inc. is an out of state foreign Tulsa, Oklahoma Corporation; that does business, and is licensed by the Idaho State Department of Finance as a debt recovery or debt collection business, in Idaho.  They did business and attempted to collect a debt from the plaintiff (that was not owed) as an agent of Defendant St. Luke's Magic Valley Regional Medical Center, Ltd.

3.    The Defendant St. Luke's Magic Valley Regional Medical Center, Ltd. is an Idaho corporation that does business in Idaho (St. Luke's herein); primarily as a hospital and health care facility.  They were the principal that hired FMS, Inc. to collect a debt from the plaintiff (that was not owed) as their agent.

4.    The Defendant Equifax, Inc. is a credit reporting business that has done business as Equifax at times material hereto in Idaho.  This credit reporting agency has transacted business and reported the credit status of the plaintiff to others in Idaho.

5.    Defendant Experian Information Solutions, Inc. is a credit reporting business that has done business as Experian at times material hereto.  This credit reporting agency has transacted business and reported the credit status of the plaintiff to others in Idaho.

VERIFIED COMPLAINT                                                    2

6.    This Court, therefore, has subject matter and personal jurisdiction in this case; and venue is proper in this Court since one defendant's principal place of business is in this county.

## B.   FACTS

7.    Ken Kuntz owns a trucking business called KDK Trucking Inc., in Hazleton, Idaho.  His business has been successful over the years, but like many businesses he relies heavily on his ability to obtain credit in order to finance his current ongoing operations and in case business or personal emergencies arise.

8.    Ken Kuntz, like may Americans experienced financial problems in the recent economic crisis, that required bankruptcy relief.  However, since that time he has always paid his bills on time and worked hard to maintain a good credit rating.  His credit score was about 732 on March 30, 2013 before the following events.

9.    Ken Kuntz has a step brother named Roger Chriswell whose name is different, address is different, and social security number is different (but similar).  Apparently, this step brother incurred hospital bills at St. Luke's Magic Valley Regional Medical Center in Twin Falls, Idaho of about $35,000 sometime last year in 2013.  However, Ken Kuntz did not ever receive any statement or bill from St. Luke's Magic Valley Regional Medical Center or have any prior knowledge of this debt and bill.

10.   It appears that somehow, St. Luke's erroneously and improperly inserted Ken Kuntz name as a responsible party on this

VERIFIED COMPLAINT                                                    3

bill with his step brother's social security number.  St. Luke's then asserted personal liability of this hospital bill against Ken Kuntz; not by sending him a bill, but instead by turning this debt over for collection to FMS Inc., a collection agency.

11.  FMS Inc. then contacted Ken Kuntz by telephone and requested that he pay the bill.  Ken Kuntz disputed any liability for this bill because it was not owed by him at the time, and was not his bill so he had no legal obligation to pay it.

12.  Ken Kuntz then immediately called St. Luke's to dispute the bill.  He was verbally assured by them that the matter would be resolved and the collection would cease.

13.  FMS then sent by mail a bill and payment voucher for $37,310 for this account with the patient name of Roger Chriswell on this bill.  Ken Kuntz again called FMS Inc. and disputed the bill, stated he had no legal obligation to pay the bill, and it was not owed by him.

14.  Ken Kuntz also again called St. Luke's to dispute the bill.  St. Luke's allegedly called FMS, Inc. while he was on hold and they came back and told him that the bill would be taken out of collections because it was not his bill.

15.  Ken Kuntz then attempted to obtain financing for a new pickup truck and to refinance his home.  He was told that his application for these loans was denied, or would be granted only at an extremely high interest rate.

VERIFIED COMPLAINT                                                    4

16.   Ken Kuntz was then advised that his credit score had decreased from about 732, to 570 to 584 because of FMS had reported the Roger Chriswell debt of $37,310 as a defaulted debt on his credit report to the three major credit reporting agencies.   This caused his credit report to be very derogatory and his score to decrease significantly.

17.   Ken Kuntz had to obtain financing to keep his business operating.   Hence, he was forced to take out several loans at much higher interest rates then before this problem, as follows:

(1)   Three "Brokerage" Cash Advance loans from Wells Fargo:

A. $15,000 "Brokerage" loan that cost $450 for two weeks;

B. $10,000 second Brokerage loan cost $300 for two weeks;

C. $15,000 third Brokerage loan cost $450 for two weeks

(2)   Pioneer Federal Credit Union Loan $18,349 loan at 4.99% that should have been a 2.49% loan;

(3)   Idaho Cental Credit Union $19,919 loan at 6.54% that should have been 2.5% to 3% or so;

(4)   Three credit card advances of about $1,904 at interest rates of from 20% to 30% for six months.

### C.   DISPUTE OF THE DEBT.

18.   The plaintiff, through counsel, wrote a letter to the defendants dated October 30, 2013; copy attached as Exhibit A. This letter set out the facts of the case, disputed the debt and requested that immediate corrective action take place.

VERIFIED COMPLAINT                                                    5

19.   In response to this letter, the plaintiff received letters dated November 6-11, 2013.   The letters requested identifying information on Ken Kuntz which was provided to them along with the FMS letter discussed below.

20.   Further, FMS, Inc. wrote the letter attached as Exhibit B.   This letter admits their error and claims that they requested deletion of this debt and account by all three major credit reporting agencies.   They claim this account should have been removed by September, 2013.

21.   The Plaintiff Ken Kuntz then received a reply from Transunion which states they deleted the derogatory "FMS-St. Lukes" credit report and apparently restored his credit score to over 700 points, which is substantially the same as it was before this bad report.   However, Ken Kuntz also received a reply from Experian and Equifax which states they had also deleted this derogatory "FMS-St. Lukes" credit report, but not restored his credit score to over 700 points as it was before this derogatory report.

22.   Hence, Ken Kuntz has been required to file this litigation to restore his good name and credit with Equifax and Experian, and to obtain reasonable compensation for the losses he sustained because of the problems to his credit report and score caused by the defendants FMS and St Luke's.

VERIFIED COMPLAINT                                                6

## D.   LEGAL ALLEGATIONS

23.   The defendants are all liable for failure to reply and make the corrections to the plaintiff's credit reports within 30 days under the F.C.R.A. at 15 U.S.C. § 1681i (b) and (c) and otherwise under the act.

24.   The defendants FMS, Equifax and Experian are liable for their failure to reply and make the corrections to the plaintiff's credit reports within 30 days under the Fair Credit Reporting Act in the amount of statutory liquidated damages of $1,000, per violation costs and attorney's fees, pursuant to 15 U.S.C. § 1681.

25.   The defendants FMS and St. Luke's are liable for plaintiff's damages based on a violation of the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. for:

(a) The multiple letters and credit reports to others with false and misleading representations as to the validity of the debt constitute harassment and abuse to the plaintiff in an attempt to collect a debt not due and owing by the plaintiff in violation of 15 U.S.C. § 1692d.

(b) Communicating and threatening to communicate false information, including the failure to communicate and report that a debt as disputed, in violation of 15 U.S.C. § 1692e(8).

(c) Finally, but perhaps most importantly, reporting a debt as owed to the three major credit reporting agencies:

   (1) during the initial thirty (30) day dispute time under the Fair Debt Collections Practices Act;

   (2) before thirty (30) day dispute time under the Fair Debt Collections Practices Act had expired;

   (3) after the debt had been disputed under the Fair Debt Collections Practices Act.

VERIFIED COMPLAINT                                                    7

26.   The Fair Debt Collection Practices Act provides for civil liability including actual damages, additional damages as penalties of $1,000, per violation, and costs and attorney's fees.   *See* 15 U.S.C. § 1692(k).   In this case there were one or more violations of the act so multiple penalties apply.

27.   The actions of FMS Inc. and St. Luke's also violates the Idaho Consumer Protection Act as false and misleading actions as set out in Idaho Code § 48-601 et seq. and 48-603 specifically.

28.   The actions of FMS Inc. and St. Luke's also violates the Idaho Common law and constitute the torts of negligence and gross negligence, defamation and libel, misrepresentation and interference with contract rights.

29.   Ken Kuntz has sustained significant losses because of his inability to obtain credit and/or only being able to obtain credit at a much greater interest rate and cost then he would have otherwise which will probably result in litigation against FMS and St. Luke's unless he is compensated for these losses.   Further, since the errors on his credit report were not totally corrected within thirty days, these losses will be much greater and Mr. Kuntz sues Equifax and Experian (but not TransUnion who corrected the errors), as well as FMS and St. Luke's for violation of the Fair Credit Reporting Act for failure to reply and make the corrections to the plaintiff's credit reports within 30 days under the F.C.R.A.

VERIFIED COMPLAINT                                                           8

at 15 U.S.C. § 1681i (b) and (c) and otherwise under the act, costs and attorney's fees pursuant to 15 U.S.C. § 1681n.

30.   The total losses or damages to Ken Kuntz in this case at this time in excess interest charges and other loses in this case that are set out below as follows:

| | | |
|---|---|---|
| (1) | $45,000 "Brokerage" loans at that cost of | $1,200.00 |
| (2) | Pioneer Federal Credit Union $18,349 loan | $229.37 |
| (3) | Idaho Cental Credit Union $19,919 loan | $348.59 |
| (4) | Credit Cards of $1,900 at 25% for 6 months | $190.00 |
| (5) | Ken Kuntz time; 152 hours at $28.64 hour | $4,353.28 |
| (6) | Attorney fees bills in case to date | $1,200.00 |
| | Total losses to date | $7,521.24 |

31.   The plaintiff has been required to employ the service of an attorney to bring this action (see attached Exhibits) and is entitled to an award of attorney's fees under federal law including 15 U.S.C. § 1681n and 1692(k).

32.   WHEREFORE, the plaintiff Ken Kuntz prays that this Court enter a judgment against defendants as follows:

A.   Declare that the Roger Chriswell $37,310 St. Luke's FMS Inc. debt in this case is not due and owing by plaintiff Kuntz under Idaho law and delete the debt from all his credit reports to all credit reporting agencies.

C.   Award plaintiff a judgment for the amount of $1,000.00 for each violation of the Fair Credit Reporting Act that occurred in this case against all the defendants.

VERIFIED COMPLAINT                                                      9

D.   Award plaintiff a judgment for the amount of **$7,521.24**, plus future accruing damages, in this case against defendants FMS and St. Luke's.

E.   Award plaintiff a judgment for statutory penalties of at least $1,000.00 for each violation of the Fair Debt Collections Practices Act that occurred in this case against defendants FMS and St. Luke's in this case.

F.   Award plaintiff other damages for improperly reporting his credit as may be proven at a jury trial in the amount of at least an additional $1,000.00 against each defendant.

G.   Award plaintiff's costs and additional attorney's fees of $2,000.00, if by default, pursuant to 15 U.S.C. § 1681n and 1692(k)(3) and Idaho Code § 12-120.

H.   For such other and further relief as the Court deems proper in this case.

DATED this 21st day of January 2014.

Charles Johnson

### DEMAND FOR JURY TRIAL

The plaintiff demands a jury trial on all claims in this case.

DATED this 21st day of January 2014.

Charles Johnson

VERIFIED COMPLAINT                                                   10

## VERIFICATION OF COMPLAINT

STATE OF IDAHO      )
                         : ss
County of Jerome    )

    Ken Kuntz deposes and states that he is the plaintiff and, that he has read the foregoing complaint, and that the facts therein stated are true as he verily believes to the best of his knowledge and information.

Ken Kuntz

    SUBSCRIBED AND SWORN TO before me, a Notary Public, by Ken Kuntz on this 21ˢᵗ day of January 2014, by telephone.

NOTARY PUBLIC FOR IDAHO
Residing at Pocatello
My Commission Expires: May 2016

L. CHARLES JOHNSON III
SEAL NOTARY PUBLIC
STATE OF IDAHO

VERIFIED COMPLAINT

11

*JOHNSON OLSON, CHARTERED*
P.O. BOX 1725
POCATELLO, IDAHO  83204-1725

L. CHARLES JOHNSON, III
TELEPHONE:   (208) 232-7926
FACSIMILE:   (208) 232-9161
E-MAIL: cjlaw@cableone.net

USE P.O. BOX FOR MAIL
PHYSICAL STREET ADDRESS
419 WEST BENTON
POCATELLO, IDAHO 83204-1725

October 30, 2013

Experian
P.O. Box 2002
Allen, Texas   75013-2002
Express mail

TransUnion/Consumer Relations
P.O. Box 2000
Chester, Pennsylvania  19022-1000
*Facsimile:  810-546-4605*

Equifax
P.O. Box 740241
Atlanta, Georgia   30374-0241
*Facsimile: 888-664-4535*

FMS, Inc.
4915 South Union Avenue
Tulsa, Oklahoma  74107
Terryw@fms-collect.com

St. Lukes Regional Medical Center
P.O. Box 409
Twin Falls, Idaho 83303-0409
kerind@slhs.org

Re:  Ken Kuntz; SSN last four 3238:

Dear Credit FMS Inc, St. Luke's, Equifax, Experian, and TransUnion:

Our office has been retained by Ken Kuntz regarding a very serious problem with his credit report that arose from the erroneous collection alleged by FMS Inc. and consequent reporting of this debt as his by you when this was not correct.  We are demanding immediate correction in order to minimize or mitigate his losses.  Please note that if this does not take place then further litigation as necessary will be filed against your entities for violation of the Fair Credit Reporting Act and under Idaho State law for defamation and violation of the consumer protection act.

Ken Kuntz owns a trucking business called KDK Trucking Inc. in Hazleton, Idaho.  His business has been successful over the years, but like many businesses he relies heavily on his ability to obtain credit in order to finance his current ongoing operations and in case business or personal emergencies arise.  Ken Kuntz has always paid his bills on time and had a good credit rating.  His credit score was 732 on March 30, 2013 before the following events.

Ken Kuntz has a step brother whose name is different, address is different, and social security number is different (but similar).  Apparently, his step brother incurred hospital bills at St. Luke's Regional Medical Center in Twin Falls, Idaho of about $35,000 sometime this year.  However, Ken Kuntz did not ever receive any statement or bill from the hospital or have any prior knowledge of this debt.

EXHIBIT

*A*

Interested Parties
10/29/13
Page 2

It appears that somehow St. Luke's erroneously and improperly inserted Ken Kuntz name as a responsible party on this bill with his step brother's social security number.  St. Luke's hospital then asserted personal liability of this hospital bill against Ken Kuntz, not by sending him a bill, but instead by turning this debt over for collection to FMS Inc., a collection agency.

FMS Inc. contacted Ken Kuntz by telephone and requested that he pay the bill.  Ken Kuntz disputed any liability for this bill because it was not owed by him at the time, and was not his bill so he had no legal obligation to pay it.

Ken Kuntz immediately called St. Luke's and FMS to dispute the bill.  He was assured by them that the matter would be resolved and the collection would cease.

However, FMS then sent by mail a payment voucher for $37,310 for this account with the patient name of Roger Chriswell.  Ken Kuntz again called FMS Inc. and disputed the bill, stated he had no legal obligation to pay the bill, and it was not owed by him.

Ken Kuntz also again called St. Luke's to dispute the bill. They called FMS, Inc. while he was on hold and they came back and told him that the bill would be taken out of collections because it was not his bill.

Ken Kuntz then attempted to obtain financing for a new pickup truck and to refinance his home.  He was told that his application for these loans was denied, or would be granted only at an extremely high interest rate.

Ken Kuntz was then advised that his credit score had decreased from 732, to 570 to 584 because of this problem.  He was recently advised that his credit score had only increased to 602 but is much lower than it was before this incident took place.

First, please consider this a formal written dispute of the debt under both the Fair Debt Collections Practices Act and the Fair Credit Reporting Act.  We would request that this matter be immediately investigated and this erroneous derogatory credit information be removed from his credit reports so that his credit score is restored to 700 or more on all the credit scores.  If you fail or refuse to do so then we would request a complete explanation for any derogatory decision or lower score.

Interested Parties
10/29/13
Page 3


Second, please consider this as a formal written request for
all documentation in your file for the calendar year of 2013
including all credit reports published or disseminated this year.
I have enclosed a Release of Information form signed by Mr. Kuntz.

Third, please forward a copy of your present credit reports on
Ken Kuntz to our office.  If you can forward them to our office
electronically in PDF format this would be acceptable.

Finally, Ken Kuntz has sustained significant losses because of
his inability to obtain credit and/or only being able of obtain
credit at a much greater interest rate and cost then he would have
otherwise which will probably result in litigation against FMS and
St. Luke's unless he is compensated for these losses.  However, if
the errors on his credit report are not immediately corrected
within the next thirty days, then these losses will be much greater
and Mr. Kuntz will also sue Equifax, Experian, and TransUnion (as
well as FMS and St. Luke's) for violation of the Fair Credit
Reporting Act for failure to reply and make the corrections to the
plaintiff's credit reports within 30 days under the F.C.R.A. at 15
U.S.C. § 1681i (b) and (c) and otherwise under the act, costs and
attorney's fees pursuant to 15 U.S.C. § 1681n.

If you have any questions or comments, please e-mail or call.

Sincerely,

Charles Johnson

CJ
Enclosure

c:   Client

# FMS INC.

November 4, 2013

Charles Johnson
Johnson Olson, Chartered
PO Box 1725
Pocatello, ID 83204-1725

Experian
PO Box 2002
Allen, TX 75013-2002

TransUnion/Consumer Relations
PO Box 2000
Chester, PA 19022-1000

Equifax
PO Box 740241
Atlanta, GA 30374-0241

St. Luke's Regional Medical Center
PO Box 409
Twin Falls, ID 83303-0409

Re:        Ken Kuntz; SSN last four 3238

Dear Mr. Johnson:

FMS is in receipt of your correspondence dated October 30, 2013 regarding Ken Kuntz and the collection account placed with our agency by St. Luke's Regional Medical Center.

A collection account in the amount of $37,310.11 was placed with our agency by St. Luke's Regional Medical Center.  This account was placed in the name of Ken Kuntz, with an address that apparently belonged to Mr. Kuntz, but with the social security number of another individual (ending in 3223, as placed with FMS by our client).  An initial notice of placement was mailed to Mr. Kuntz on September 23, 2013.

At the end of September 2013, FMS reported this account to the 3 national credit bureaus exactly as placed (name and address of Mr. Kuntz, but social security number of another individual.

The first contact with Mr. Kuntz occurred on September 30, 2013.  Mr. Kuntz called FMS to dispute this debt, informing a collection supervisor that the social security number associated with this debt did not belong to him, nor had he ever been to St. Luke's Medical Regional Center.  After reaching out to our client, St. Luke's confirmed the error.

EXHIBIT

B

Upon confirmation of the error, our collection supervisor expedited a "Bullseye", which is a manually submitted request for a removal, from the 3 credit bureaus.  This report is known as an AUD.  On October 11, 2013, FMS electronically submitted AUD # 67277390 (attached) to the 3 national credit bureaus, requesting this derogatory entry be removed as soon as possible. Manually submitted AUD reports are normally processed within 24-72 hours.

Mr. Kuntz called our office on October 16, stating that the entry was still on his credit report. My V.P. of Support Services reached out via email to our contacts at the credit bureaus, detailing the situation and asking for an explanation and the expediting of the removal of this entry.

Below is a recap of the responses from the bureaus, along with a copy of the email from each:

TransUnion ~
TransUnion emailed FMS on Friday, October 18, stating "the issue has been taken care of as mentioned below (email).  The consumer will see this reflected Monday".

Experian ~
Experian replied that the account was removed on October 11, per the AUD that was submitted.  When we replied and questioned that response due to Mr. Kuntz claiming it was still on there on October 16, Experian's response was "The reason the account is probably still visible when the consumer pulls their report through the website you provided is due to the fact that that site is a 3rd party vendor".  Experian offered to provide Mr. Kuntz a free copy of his report.

Equifax ~
Equifax responded on Wednesday, October 16, stating they "pulled the file for Ken Kuntz today and the account has been suppressed/removed from the Equifax file as of October 13, 2013".

Should there be any additional questions, please don't hesitate to reach out to me at 918-747-4884 x 2222.

Sincerely,

John A. Smith
President

JS/ra

Enclosures

Charles Johnson
**JOHNSON OLSON CHARTERED**
419 West Benton
P.O. Box 1725
Pocatello, Idaho  83204-1725
Telephone: (208) 232-7926
Facsimile: (208) 232-9161
ISB No. 2464
E-Mail: cjlaw@cableone.net
Attorney for Plaintiff

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS
MAGISTRATE DIVISION

| | |
|---|---|
| KEN D. KUNTZ, individually, | Case No. *CV-2014-732* |
| Plaintiff, | |
| vs. | SUMMONS |
| FMS, INC., individually and as an agent of ST. LUKE'S MAGIC VALLEY REGIONAL MEDICAL CENTER, LTD., EQUIFAX, INC. and EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendants. | |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF.**  THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.

TO:  **EXPERIAN INFORMATION SOLUTIONS, INC.**

You are hereby notified that in order to defend this lawsuit, an appropriate written response must be filed with the above designated Court at Twin Falls County Courthouse, 425 Shoshone Street North, Twin Falls, Idaho 83301; (208)736-4000 within 20 days after service of this Summons on you.  If you fail to so respond the Court may enter judgment against you as demanded by the plaintiff in the Complaint.

A copy of the Complaint is served with this Summons.  If you wish to seek the advice of or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.     The title and number of this case.

2.     If your response is an answer to the complaint, it must contain admissions or denials of the separate allegations of the complaint and other defenses you may claim.

3.     Your signature, mailing address, telephone number, or the signature, mailing address, and telephone number of your attorney.

4.     Proof of mailing or delivery of a copy of your response  to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named Court.

DATED this __14__ day of February, 2014.

CLERK OF THE DISTRICT COURT

By _____
Deputy Clerk

Charles Johnson
**JOHNSON OLSON CHARTERED**
419 West Benton
P.O. Box 1725
Pocatello, Idaho  83204-1725
Telephone: (208) 232-7926
Facsimile: (208) 232-9161
ISB No. 2464
E-Mail: cjlaw@cableone.net
Attorney for Plaintiff

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS
MAGISTRATE DIVISION

| | | |
|---|---|---|
| KEN D. KUNTZ, individually, | ) | Case No. CV-2014-722 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | SUMMONS |
| | ) | |
| FMS, INC., individually and as | ) | |
| an agent of ST. LUKE'S MAGIC | ) | |
| VALLEY REGIONAL MEDICAL CENTER, | ) | |
| LTD., EQUIFAX, INC. and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF.  THE COURT MAY
ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND
WITHIN 20 DAYS.  READ THE INFORMATION BELOW.

TO:  <u>EQUIFAX, INC.</u>

You are hereby notified that in order to defend this lawsuit, an
appropriate written response must be filed with the above designated
Court at Twin Falls County Courthouse, 425 Shoshone Street North, Twin
Falls, Idaho 83301; (208)736-4000 within 20 days after service of this
Summons on you.  If you fail to so respond the Court may enter judgment
against you as demanded by the plaintiff in the Complaint.
A copy of the Complaint is served with this Summons.  If you wish
to seek the advice of or representation by an attorney in this matter,
you should do so promptly so that your written response, if any, may be
filed in time and other legal rights protected.
An appropriate written response requires compliance with Rule
10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:
1.    The title and number of this case.
2.    If your response is an answer to the complaint, it must
contain admissions or denials of the separate allegations of the
complaint and other defenses you may claim.
3.    Your signature, mailing address, telephone number, or the
signature, mailing address, and telephone number of your attorney.
4.    Proof of mailing or delivery of a copy of your response  to
Plaintiff's attorney, as designated above.
To determine whether you must pay a filing fee with your response,
contact the Clerk of the above-named Court.
DATED this ___14___ day of February, 2014.

CLERK OF THE DISTRICT COURT

By _____
Deputy Clerk

Charles Johnson
**JOHNSON OLSON CHARTERED**
419 West Benton
P.O. Box 1725
Pocatello, Idaho  83204-1725
Telephone: (208) 232-7926
Facsimile: (208) 232-9161
ISB No. 2464
E-Mail: cjlaw@cableone.net
Attorney for Plaintiff

DISTRICT COURT
TWIN FALLS CO. IDAHO
FILED

2014 APR -7  AM 9: 55

BY_____

_____ CLERK

_DEPUTY

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT
STATE OF IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS
MAGISTRATE DIVISION

| | | |
|---|---|---|
| KEN D. KUNTZ, individually, | ) | Case No. CV-2014-722 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF DISMISSAL of FMS, Inc.** |
| vs. | ) | **and ST. Luke's only** |
| | ) | |
| FMS, INC., individually and as | ) | |
| an agent of ST. LUKE'S MAGIC | ) | |
| VALLEY REGIONAL MEDICAL CENTER, | ) | |
| LTD., EQUIFAX, INC. and EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Ken Kuntz, through his undersigned counsel of record, hereby files this Notice of Dismissal of the above entitled action with prejudice against the defendants FMS, Inc. and St. Luke's Magic Valley Regional Medical Center, Ltd.  The basis of this Notice of Dismissal is that the Plaintiff has settled this case against these two Defendants only who should be dismissed with prejudice from this case.  However, this Notice of Dismissal does not effect the claims against Experian and Equifax, which are not resolved and continue at this time.

Wherefore, the above entitled action against FMS, Inc. and St. Luke's Magic Valley Regional Medical Center, Ltd. is dismissed with prejudice with each party to bear their own costs and attorney's fees.

DATED this ___3rd___ day of April 2014.

_____
Charles Johnson

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I mailed a true and correct copy of the foregoing document, by placing the same in the United States mail, postage prepaid addressed as follows:

Ann S. Taylor, Attorney          Michael D. Alltmont
St. Luke's Health System         Sessions Fishman Nathan &Israel LLC
420 West Idaho Street            3850 North Causeway Boulevard
Boise, Idaho 83702               Suite 200
                                 Metairie, Louisiana 70002-7227

on this 3rd day of April, 2014.

_____
Licensed Lawyer

PROCESS SERVERS          A ABLE SERVICE
                    3527 S. FEDERAL WAY, STE 103, PMB 42
                            BOISE, IDAHO 83705



DISTRICT COURT
TWIN FALLS CO., IDAHO
FILED

2014 APR 17 AM 10: 02

BY _____
                                    CLERK
                            _____ DEPUTY

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF
                IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

| | |
|---|---|
| KEN D. KUNTZ, individually, ) | CASE NUMBER CV 2014-722 |
| ) | |
| ) | |
| ) | |
| PLAINTIFF, ) | AFFIDAVIT OF SERVICE OF: |
| ) | |
| vs. ) | |
| ) | ** SUMMONS |
| FMS, INC., individually and as an agent of ) | ** VERIFIED COMPLAINT FOR: |
| ST. LUKE'S MAGIC VALLEY REGIONAL ) | VIOLATION OF THE FAIR |
| MEDICAL CENTER LTD., EQUIFAX, INC. and ) | CREDIT REPORTING ACT, AND |
| EXPERIAN INFORMATION SOLUTIONS, INC., ) | VIOLATION OF THE FAIR DEBT |
| ) | COLLECTION PRACTICES ACT, |
| ) | STATE STATUTORY AND |
| DEFENDANTS. ) | COMMON LAW AND DEMAND FOR |
| | JURY TRIAL |

STATE OF IDAHO          )
                        )
County of ADA           )

I, Ron Rosenkoetter, being first duly sworn, deposes and state:

That I am over the age of 18 years, and I am not a party to this case nor an employee of a party to this case.

That on April 9, 2014 at 1:00 p.m., I served a true and correct copy of the documents indicated above, upon Equifax, Inc., by,

(XX)     Personal delivery to, Shirley Rose of Prentice-Hall Corporation, the authorized agent
         to accept service of process for, Equifax, Inc.,
         at, 12550 W. Explorer Dr., Ste 100, Boise, Idaho 83713.

                                    _____
                                    Signature of Process Server
                                    Ron Rosenkoetter

Subscribed and sworn to before me this date: April  11  , 2014

                                    _____
                                    Notary Public for Idaho
                                    My commission expires: 1-7-2015

PROCESS SERVERS            A ABLE SERVICE
                    3527 S. FEDERAL WAY, STE 103, PMB 42
                            BOISE, IDAHO 83705

DISTRICT COURT
TWIN FALLS CO., IDAHO
FILED

2014 APR 17  AM 10: 02

IN THE DISTRICT COURT OF THE FIFTH JUDICIAL DISTRICT OF THE STATE OF
IDAHO, IN AND FOR THE COUNTY OF TWIN FALLS

CLERK
_____ DEPUTY

KEN D. KUNTZ, individually,              )
                                         )      CASE NUMBER  CV-2014-722
                                         )
                                         )
                        PLAINTIFF,       )      AFFIDAVIT OF SERVICE OF:
                                         )
vs.                                      )
                                         )      ** SUMMONS
FMS, INC., individually and as an agent of )    ** VERIFIED COMPLAINT FOR:
ST. LUKE'S MAGIC VALLEY REGIONAL         )         VIOLATION OF THE FAIR
MEDICAL CENTER LTD., EQUIFAX, INC. and   )         CREDIT REPORTING ACT, AND
EXPERIAN INFORMATION SOLUTIONS, INC.,    )         VIOLATION OF THE FAIR DEBT
                                         )         COLLECTION PRACTICES ACT,
                                         )         STATE STATUTORY AND
                        DEFENDANTS. )               COMMON LAW AND DEMAND FOR
_____          JURY TRIAL

STATE OF IDAHO          )
                        )
County of ADA           )

        I, John Cobley, being first duly sworn, deposes and state:

        That I am over the age of 18 years, and I am not a party to this case nor an employee of a party to
this case.

        That on April 9, 2014 at 11:30 a.m., I served a true and correct copy of the documents indicated
above, upon Experian Information Solutions, Inc., by,

        (XX)    Personal delivery to, Logan Meyer of CT Corporation Systems, the authorized agent
                to accept service of process for, Experian Information Solutions, Inc.,
                at, 921 S. Orchard St., Ste G., Boise, Idaho 83705

                                        Signature of Process Server
                                        John Cobley

Subscribed and sworn to before me this date: April 10, 2014

                                        Notary Public for Idaho
                                        My commission expires: 05/14/2016